## ENFORCEMENT OF CONTRACT BETWEEN MUNICIPALITY AND GAS COMPANY.

Court of Appeals for Perry County.

VILLAGE OF NEW LEXINGTON v. THE OHIO FUEL SUPPLY CO.

Decided, July 31, 1913.

*Minimum Charge per Month for Gas—Where Consumption Falls Below a Fixed Amount—Can Not be Demanded by the Company When Provision Therefore is Not Found in its Contract with the Municipality—Jurisdiction to Enforce Such a Contract.*

1. An ordinance fixing the rates which may be charged consumers for gas when accepted by the company constitutes a binding contract which may be enforced by the municipality.
2. While a controversy between a municipality and a gas company as to rate to be paid by consumers for gas would fall within the jurisdiction of the Public Service Commission, the courts have jurisdiction to settle differences of that character whenever a contract has been entered into and so long as the contract exists.

3. When a petition filed by a municipality alleges the making of such a contract, its breach and a continuance of the breach, with a prayer for injunction and general relief, it states a cause of action.

*T. B. Williams* and *John Ferguson,* for plaintiff.
*L. B. Denning,* contra.

POWELL, J.

The petition in this case was filed by the village of New Lexington, against the Ohio Fuel Supply Company, alleging for its cause of action that on the 27th day of January, 1897, an ordinance was passed by its council granting to the New Lexington Natural Gas Company, its successors and assigns, the right to lay and maintain in the streets and alleys of said village, mains and pipe fixtures for conveying natural gas, and supplying the same to the said village and its inhabitants for use as fuel and for lighting purposes; that pursuant to such grant said company laid its mains and pipes in said village, and exercised the rights and privileges granted by said ordinance; that thereafter and prior to September 8, 1903, said right or franchise was assigned to the defendant who has been, and is now exercising all the rights and privileges contained in said ordinance or granted thereby; that on said 8th day of September, 1903, plaintiff by its council passed another ordinance fixing the price at which natural gas could be sold therein at twenty-five cents per 1,000 cubic feet of gas, meter measurement, and provided that the company so selling the same should make a reduction of 20 per cent. discount from said rate to any one paying for the same on or before the 10th day of the succeeding month, and provided that no greater rate should be charged therefor during a term of ten years, together with other terms and conditions, fixing the rights of the company in the use of its franchise, and in supplying gas to the citizens of said village; that the defendant in writing accepted the said ordinance and all its terms and provisions, and agreed to be governed thereby in its charges for gas furnished to said village and its inhabitants, and

was governed thereby until November, 1910; that ever since November, 1910, it has violated said ordinance and its said agreement to be bound thereby by imposing on all the citizens of said village not consuming fifty cents worth of gas per month a minimum charge of fifty cents for each and every month whether the meter shows that amount of gas consumed during such month or not, and which charge is alleged to be illegal and in violation of said ordinance; that defendant threatens to turn off its gas to such of the citizens of said village as refuse to pay said minimum charge unless their meter shows that amount of gas consumed, and have turned off the gas from such of its consumers as have not paid such charge. Injunction is prayed for.

To this petition a demurrer is filed alleging three grounds of demurrer—

1. Want of legal capacity to sue.

2. Want of jurisdiction of the subject-matter.

3. The petition does not state facts sufficient to constitute a cause of action.

This demurrer should be overruled, because—

1. The ordinance of September 8, 1903, and its acceptance by the defendant constitute a contract, and it is such a contract as the village is specially authorized to make for the benefit of its inhabitants. Section 3982, General Code.

If a municipality is authorized to make a contract, it has authority to enforce it, by implication, if not by express provisions.

2. It is contended that questions, such as are presented by this petition, are questions that ought to be settled by the public service commission, and not by the courts, but this court takes the view that this is a proceeding to enforce a contract already entered into, plain and unambiguous in its terms, and that the controversy is properly cognizable by the courts, and not by the public service commission. It invokes judicial authority, and properly belongs to the courts. When the contract terminates or the time comes when there is no contract existing between the parties, then it could properly be submitted to the commission, but so long as a contract exists, its enforcement is for the courts.

3. The petition alleges a contract, a breach of it, and a threatened continuation of such breach, with a prayer for injunction and general relief.

We think it states a cause of action.

These questions are not made in a recent case, decided by our Supreme Court, involving the same question as is sought to be determined in this action, viz: the right of a public service corporation to make a minimum or "readiness-to-serve" charge when operating under an ordinance or contract, that makes no provisions for such charge. That action was commenced,

1. By the city of Springfield, Ohio.

2. Against the Springfield Light, Heat & Power Co.

3. To enjoin the imposition of a minimum or "readiness-to-serve" charge in violation of an ordinance of said city, under which it operated and for general relief.

The judgment of the court of common pleas in favor of the city was sustained by the Supreme Court without report. The case is numbered 13153 on the docket of that court.

The same questions were made by an amended answer in that case as are made in the amended answer in this case, the first defense consisting of certain admissions of fact, and a general denial of everything not admitted or controverted, and being in legal effect a denial of the legal conclusions arising from the averments of the petition. For its second defense defendant alleges that there is an initial cost of fifty cents per month for each consumer, consisting of taxes, interest on money invested, cost of ington, entirely aside from the cost of gas used by such consumer consisting of taxes, interest on money invested, cost of operation and inspection, and other items of expense, so that a customer who uses less than fifty cents a month worth of gas is unprofitable and must be carried at a loss. In addition to such initial and overhead expenses, the defendant company has a rule that each customer must agree to take a minimum of fifty cents worth of gas per month, or pay that sum when the meter shows less than that amount of gas consumed. It alleges that such rule is reasonable and just, and such charge is not fixed or prohibited by statute or ordinance.

To this defense a demurrer is filed, and it is to the same defense, that the Court of Appeals of Clark County sustained a demurrer in the Springfield case cited above, excepting only that the subject-matter of that action was the furnishing of electricity to the city and its inhabitants, while this relates to the furnishing of natural gas. Said judgment sustaining said demurrer was affirmed by the Supreme Court.

The matters alleged in the said second defense are not defensive against a contract entered into of which they are not a part, and furnish no reason why the contract should not be carried out as made. There is nothing alleged that was not already in existence, when the contract was entered into, and it is presumed they were all taken into account at that time.

The demurrer to said second defense will be sustained, and a decree may be entered in favor of the plaintiff, making the injunction heretofore allowed, perpetual, and exceptions may be noted.

VOORHEES, J., and SHIELDS, J., concur.